BOYLE, Plaintiff in Error, *vs.* HARDY, Defendant in Error.

1. The answer to a bill for a general account of two partnerships set up an account stated and settled as to the first partnership, to which there was a general replication. Upon a hearing, there was an interlocutory decree finding a settlement as stated in the answer. The case was reversed because the complainant was not afterwards allowed to amend his bill, so as to surcharge and falsify the settlement.

*Error to St. Louis Court of Common Pleas.*

This was a bill in chancery filed in the St. Louis Circuit Court in 1847, to settle a partnership account extending through two partnerships. The answer alleged an account stated and settled of the affairs of the first partnership. The complainant filed a general replication. On the hearing in December, 1848, no evidence was adduced of a settlement; and the matter was referred to a commissioner to take and state an account of the whole business, without prejudice to the right of the defendant to produce evidence of a settlement before the commissioner, with a reservation of the question of settlement or the conclusiveness thereof, if proven, for the decision of the court. The commissioner took evidence in reference to the set-

tlement, and returned the same, together with his report, in February, 1851. On the 17th of May, 1851, the cause was heard, by consent of parties, upon the question reserved in the interlocutory decree of December, 1848, and the court found and decreed that there had been a settlement of the first partnership, and at the same time, general leave was granted to the complainant to amend his bill during the term. The complainant filed his motion to set aside the interlocutory decree last named. The motion was overruled at the following term, and leave again granted to file an amended bill, without specification as to time. On the 5th of January, 1852, at the same term, an amended bill was filed, which contained the same allegations as the original, but attempted to avoid the effect of the settlement by the allegation of fraud, and also to surcharge and falsify. The defendant filed a motion to set aside this amended bill, alleging as reasons that it contained no equity, that it sought to draw in issue matters already decided by the court, and that it was not filed in time. The motion was sustained, and leave again granted to the complainant to amend within twenty days. The complainant filed his bill of exceptions to this action of the court. Within the time given, a second amended bill was filed, substantially the same as the first, but differing in form. This also was stricken out on motion, and the complainant declining to take leave again to amend, the bill was dismissed as for want of prosecution. The case was then brought to this court by appeal and reversed. (Ante, 60.) After it was remanded, a change of venue was taken to the St. Louis Court of Common Pleas, and at the February term thereof, 1854, the complainant moved the court to rescind the order of the Circuit Court striking out the first amended bill, and to reinstate the same, and proceed therewith, according to equity. The motion was overruled, and an exception taken. The complainant then moved for permission, under the leave to amend theretofore granted, to amend in some form his bill of complaint so as to draw in question the validity of the settlement on the ground of fraud, and also to surcharge and falsify the ac-

count as settled according to the answer. This motion was refused and an exception taken.

The complainant then moved the court to refer back the account stated to a commissioner, with directions to examine the same as to errors and omissions, with leave to the complainant to surcharge and falsify the same on the basis of the settlement as found by the court; and this motion was overruled, and an exception taken.

And thereupon, the complainant admitting that there was no balance due him on account of the last partnership, the court dismissed the bill. A motion was made to set aside the decree and grant a new hearing. The motion was overruled, a bill of exceptions filed, and the case brought to this court by writ of error.

*R. M. Field* and *N. Holmes*, for plaintiff in error, insisted that the amendment of the bill should have been allowed, or at least that the matter should have been referred back to the commissioner, with directions to restate the account, and with leave to the complainant to surcharge and falsify, upon the basis of the settlement, as found by the court. (*Boyle* v. *Hardy*, ante, 60. 2 Atk. 119. 4 Bridg. Eq. Dig. 76, Pl. 65. *Hurd* v. *Everett*, 1 Paige, 124. 1 Dan. Ch. Pr. 509, 518. 1 Story's Eq. § 223. Story's Eq. Pl. 801. 2 Dan. Ch. P. 189, 190. *Thring* v. *Edgar*, 2 Sim. & Stu. 274. 2 Ves. 565. 1 Dan. Ch. Pr. 461, 481, 484, 513. 2 Dan. Ch. Pr. 396. 1 Atk. 1 & n. 2. 1 Paige, 555. 1 Dan. Ch. Pr. 520, 544–5. Sto. Eq. Pl. § 887. Welf. Eq. Pl. 166, 173. 175. 2 Dan. Ch. Pr. 891. Story's Eq. Pl. § 678.)

*H. S. Geyer*, for defendant in error. The decree of May 17, 1851, concludes the complainant as to all matters relating to the first copartnership, and the leave given to him to amend did not authorize an amendment which would put in issue the facts which had been decided by the court on that day. The amendment could only be in such matters as related to the accounts and business of the second partnership. The motion to refer the accounts of the first partnership to a

Boyle *v.* Hardy.

commissioner, in order to ascertain whether there were any errors or omissions in the settlement, with leave to surcharge and falsify, is not supported by any allegation, and much less evidence, that there was fraud, error or omission in the settlement, found by the court to be full and final, as alleged in the answer ; and for this reason, as well as that it proposed in effect to set aside or disregard the decree rendered on a full hearing, it could not be granted.

SCOTT, *Judge,* delivered the opinion of the court.

This seems to be an unfortunate case. But on looking through the record, one cannot help coming to the conclusion that the complainant has paid enough for an account in this matter, in order to be entitled to one of some sort.

The obstinacy with which the complainant's counsel insisted on their mode of amending their bill, finds some extenuation in the manner in which they had been treated in relation to the taking of an account. When this cause was formerly here, there was no bill of exceptions, and the court was narrowed to the record proper for a reason to reverse the decree, and it was remanded with the hope that it would have been tried on its merits. But this has not been done, and the cause is here a second time in much the same condition in which it formerly was. As this case is somewhat anomalous from the manner in which it has been conducted, we do not hesitate to reverse the decree dismissing the bill, in order that there may be an opportunity for a trial on its merits. Under the circumstances, we are of opinion that this is a proper case for the exercise of the discretion in permitting a complainant to amend his bill. The decree will be reversed and the cause remanded, with directions to refer back the account stated to a commissioner, with instructions to examine the same as to errors and omissions, and with leave to the complainant to surcharge and falsify the same on the basis of the settlement as found by the court. The other judges concur.